UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GRANT JONES,

           Petitioner,           Case No. 1:11-cv-488

v.                                      Honorable Paul L. Maloney

CARMEN PALMER,

           Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner presently is incarcerated at the Michigan Reformatory. Following a jury trial, Petitioner was convicted of attempted first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b(1)(e), and kidnapping, MICH. COMP. LAWS § 750.349. On December 18, 2007, the Macomb County Circuit Court sentenced Petitioner to prison terms of five to ten years and twenty to fifty years, respectively.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising the following two issues: (1) there was insufficient evidence to convict him of kidnapping, and (2) the sentencing court erred in scoring ten points for Offense Variable 10. *See People v. Jones*, No. 285286, 2009 WL 2448189, at *1 (Mich. Ct. App. Aug. 11, 2009). The court of appeals denied leave to appeal in an unpublished opinion on August 11, 2009. *Id.* at *3. Petitioner then sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on November 23, 2009. *See People v. Jones*, 774 N.W.2d 867 (Mich. Nov. 23, 2009).

On March 14, 2010, Petitioner filed a motion for relief from judgment in the Macomb County Circuit Court, raising the following issue: the people failed to commence the legal process against Petitioner with a valid or true felony complaint. The trial court denied Petitioner's motion. Petitioner filed an application for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on March 29, 2011 because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

In his application for habeas corpus relief, Petitioner raises the same claim presented in the state courts on his motion for relief from judgment.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

**Discussion**

Petitioner claims that the government failed to commence the legal process against him without a valid or true felony complaint. He provides the following information regarding his ground for habeas corpus relief (verbatim):

> On May 29, 2007 the defendant was arraigned on the charges, bond was set and his Preliminary Examination was scheduled for June 11, 2007, within the 14 days required by law. On June 11, 2007 the defendant was taken before the District Court for the purpose of having his Preliminary Examination. At that time the Judge dismissed the charges, without prejudice, due to lack of evidence and due to none of the prosecutorial witnesses showing up for the hearing. The defendant was then taken back to the county jail to be processed out and released from custody. The defendant's hired attorney left the court house and considered the case closed as did the defendant. After waiting several hours back in the holding cell at the county jail the defendant questioned why he had not yet been released, at which time he was advised that he should be taken care of shortly. The defendant was then taken back to the District Court and arraigned on the same charges that had just been dismissed hours earlier. Bond was again set and the defendant was taken back to the jail.

> Since the defendant's hired attorney considered the case as being over he had to petition the court for the appointment of counsel.
>
> The defendant awaited his Preliminary Examination, that he is entitled to by law and constitution. The defendant questioned why he had not yet had his hearing on July 4, 2007, at which time he was advised that he had already had his hearing. The record clearly shows that there was never a Preliminary Examination conducted and the defendant never waived his examination.
>
> * * *
>
> In the defendant's case there was never a new complaint filed in his case, therefore he was denied his constitutional right to due process. The people's failure to satisfy the statutory requirement of filing a valid complaint under a valid docket number and have it endorsed by the clerk, has resulted in the Court lacking jurisdiction in personam as conferred by law, upon legal process accoring to MCL 750.217(c)(7)(b). Thus, being without jurisdiction to conduct lawful proceedings held on premise of no lawfully filed or entered complaint, void; where jurisdiction has not been acquired upon legal process, *Pennoyer V Neff*, 95 U.S. 714 (1877).
>
> The Magistrate has also failed to commence the legal process against the defendant upon the proceeding of a Preliminary Examination within the 14 days from the date of arraignment in accordance with MCL 299(2). The record under District Court docket #07-2918-SC is substantive evidence that a Preliminary Examination was not held for the defendant until 29 days after the arraignment.

(Br. in Supp. of Mot. for Relief from J., docket #1-1, Page ID##26, 27, 28.) In his brief, Petitioner appears to assert two subgrounds for his ground for habeas corpus relief: (1) the trial court lacked personal jurisdiction over Petitioner and violated his due process rights when Petitioner never received a new complaint after the charges were filed a second time against him, and (2) the trial court violated his right to speedy trial by failing to hold a preliminary examination within the fourteen days required under Michigan law.[1]

---

[1]Petitioner's grounds for habeas corpus relief are procedurally defaulted. The U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was

### A. Complaint

Petitioner first claims that he never received a complaint in accordance with MICH. COURT RULE 6.101 after charges were brought against him a second time. To the extent Petitioner bases his argument on Michigan law, he fails to raise a constitutional claim. The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The federal courts have no power to intervene on the basis of a perceived error of state law. *See Swartout v. Cooke*, 131 S. Ct. 859, 861 (2011); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). As a result, Petitioner's claim based on state law is not cognizable in this proceeding.

Moreover, to the extent Petitioner invokes the United States Constitution, he fails to demonstrate that the state-court's decision was an unreasonable application of clearly established Supreme Court precedent. The Constitution does not require any particular state indictment rule. In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing *Combs v. Tennessee*, 530 F.2d 695 (6th Cir. 1976)). The Due Process Clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. *Id.* (citing *In Re Ruffalo*, 390 U.S. 544 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir.1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir.1977)); *see also Tegeler v. Renico*, 253 F. App'x 521, 526 (6th Cir. 2007) (citations

---

procedurally defaulted)). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Cone v. Bell*, 243 F.3d 961, 971 (6th Cir. 2001), *rev'd on other grounds*, *Bell v. Cone*, 535 U.S. 685 (2002); *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

omitted). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. *Id.*

Petitioner does not dispute that he had notice of the charges against him. Moreover, the facts he alleges demonstrate that he received ample notice of those charges. Petitioner admits that he was arraigned when he was taken into custody a second time. At the arraignment, Petitioner would have received notice of the charges. *See* MICH. CT. R. 6.104 ("The court at the arraignment must (1) inform the accused of the nature of the offense charged, and its maximum possible prison sentence and any mandatory minimum sentence required by law; . . . ."). Further, Petitioner acknowledges that he received a preliminary examination. Petitioner would have also received notice of the charges at the preliminary examination, together with a judicial finding as to whether sufficient evidence had been presented to show probable cause to believe a felony was committed and the defendant committed it. At the examination, evidence from which at least an inference may be drawn establishing the elements of the crime charged must be presented. *People v. Yost* 659 N.W.2d 604, 606 (Mich. 2003) (citation omitted); *see also* MICH. COMP. LAWS § 766.13, MICH. CT. R. 6.110(E). Because Petitioner does not dispute that he received notice of the charges against him at his second arraignment and preliminary examination, his due process claim lacks merit.

### B. Preliminary Examination

As to his remaining subground for habeas corpus relief, Petitioner claims that his right to a speedy trial was violated by a delay in the holding of his preliminary examination. Criminal defendants, whether in state or federal court, "d[o] not have a constitutionally protected right to a preliminary examination before [they are] bound over for trial." *Lemanski v. Borgert*, No. 94-1259, 1994 WL 687401, at *2 (6th Cir. Dec. 8, 1994) (citing *Gerstein v. Pugh*, 420 U.S. 103, 125

n.26 (1975) (the federal Constitution does not require a judicial determination of probable cause as a prerequisite to prosecution)). Even the complete denial of a preliminary examination in the state system does not provide a basis for federal habeas corpus relief. *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965); *Scott v. Bock*, 241 F. Supp. 2d 780, 793 (E.D. Mich. 2003). In Michigan, "the preliminary examination is solely a creation of the Legislature, i.e., it is a statutory right." *Yost*, 659 N.W.2d at 606; *see also* MICH. COMP. LAWS §§ 766.1-766.18. Nothing in federal Constitutional or statutory law grants Petitioner or any other state criminal defendant the right to a preliminary examination, and "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original). Because the state's compliance with Michigan's statutory requirements concerning the timing of a preliminary examination implicates no clearly established rights as articulated by the United States Supreme Court, Petitioner's habeas ground lacks merit. Moreover, the federal courts have no power to intervene on the basis of a perceived error of state law. *See Swartout*, 131 S. Ct. at 861; *Estelle*, 502 U.S. at 68.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  October 17, 2011                             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge